# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00260-CV

---

### Plan B. Holdings, LLC; CIPE Real Estate Solutions, LLC; and Cheryl Cox, Appellants

### v.

### RSLLP, f/k/a Reed & Scardino LLP, Appellee

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-17-002555, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

As filed, the Reporter's Record in the present case may be missing one or more trial exhibits that could be useful in this Court's decision. It is unclear whether missing exhibits, if any, were in fact admitted into evidence at a pre-trial conference or at some other time. It appears that the parties, in consultation with the court reporter, have been unable to resolve this uncertainty.

In addition, one of the Appellants' appellate issues complains that "The trial court erred in awarding attorney's fees against CIPE and Plan B because [Tex. Civ. Prac. & Rem. Code § 38.001] does not allow recovery of attorney's fees against limited liability companies." In response, the Appellee argues that the Appellants failed to preserve such error in the trial court. In response to this argument, the Appellants argue that their attorney did specify—and

thus preserve—the alleged error during a post-trial hearing but that his argument on that subject was transcribed by the court reporter as "inaudible zoom" and was not later corrected. *See* Reporter's Record Volume Supplemental 5, "Motion to Enter," May 12, 2021, at page 11. The trial court overruled the objection.

This Court submits these disputes to the trial court for resolution pursuant to Tex. R. App. P. 34.6(e)(3). Accordingly, the Court enters the following order:

(1) The trial court is ordered to conduct a hearing for the purpose of determining whether any trial exhibits were admitted into evidence but were not included in the Reporter's Record. If any such exhibits are found to exist, the trial court shall order the District Clerk to forward them to this Court as a Supplemental Reporter's Record.

(2) The trial court is ordered to conduct a hearing for the purpose of determining whether the "inaudible" objection referred to above adequately brought to the court's attention the argument that Section 38.001 of the Civil Practice & Remedies Code does not permit the award of attorney's fees against limited liability companies.

The parties shall, no later than 60 days from the date of this Order, submit to this Court a status report, without argument, of the result of the trial court's hearing(s). Until such time, this appeal is abated.

Before Justices Baker, Triana, and Jones*

Abated and Remanded

Filed:   December 20, 2022

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).